Fuld, J.
(dissenting). As I understand the Fourth. Amendment, a search, not authorized by consent or a search warrant, is deemed reasonable only if conducted as incident to a lawful arrest which, at the very least, must be based upon “ probable cause ” for believing that the defendant has committed or is committing a crime. (See, e.g., Rios v. United States, 364 U. S. 253, 261-262; Henry v. United States, 361 U. S. 98, 100-102.) The requirement of probable cause may not be avoided by labeling the police tactic a ‘ ‘ frisk ’ ’ or calling it a “ mere ’ ’ search for dangerous weapons. Absent grounds for a lawful arrest — that is, probable cause — the possibility, or even “ strong reason to suspect ” (Henry v. United States, 361 U. S. 98, 101, supra), that an individual possesses contraband of any sort does not furnish a sufficient predicate for conducting a search. Nor does the fact that the law enforcement authorities may stop and question a suspicious-appearing person on less than probable cause justify a search. Its validity depends not upon the legality of the detention but rather upon the existence of probable cause. (Cf. United States v. Rabinowitz, 339 U. S. 56, 62-63; Carroll v. United States, 267 U. S. 132, 154.) In the case before us, there was admittedly no such probable cause and, consequently, the search and seizure were unlawful. Indeed, the unlawfulness of the search, the violation of constitutional right, is exacerbated by the fact that the evidence, which was taken from the defendant’s person and became the sole basis for the prosecution, was not a gun or other weapon but burglar’s tools.
Of course, there are risks inherent in investigatory activities undertaken by the police but, certainly, it does not follow from that that the police are privileged, absent probable cause, to search anyone who looks or acts suspiciously and to use against him any articles they may find on his person. As I previously observed, “ Other methods are available whereby the police may protect themselves while carrying on their investigations, other procedures which, if utilized, will safeguard the police and the community from the criminal minority without destroying the sense of dignity and freedom with which the law-abiding majority walk the streets.” (People v. Rivera, 14 N Y 2d 441, 452 [dissenting opinion], cert. den. 379 U. S. 978.)
The defendant Peters undoubtedly merits punishment for possessing burglar’s tools and, it may be urged, deserves *249 little consideration. But I cannot forget that the rights and privileges guaranteed by the Constitution are assured to every individual, to the worst and meanest of men as well as to the best and most upright. The Fourth Amendment guarantees “ The right of the people to be secure in their persons ”, and nothing said in Ker v. California (374 U. S. 23, 34) about developing “ workable rules ” to meet the practical demands of effective criminal investigation could, in my opinion, have been intended to approve or sanction a search solely on the basis of suspicion. In authorizing such a search (on suspicion), section 180-a of the Code of Criminal Procedure represents more than a green light to abuse. As well illustrated by the present case, and even more graphically by People v. Sibron (infra, p. 603, also decided today), the.statute is an outright invitation to evade the constitutional prohibition against unreasonable searches and to circumvent the exclusionary rule of Mapp v. Ohio (367 U. S. 643). Perhaps, as some believe, this may be desirable but, until the Supreme Court authoritatively declares that “reasonable suspicion” justifies a search without a warrant and that the police may “frisk” a suspect without probable cause and — as Judge Van Vooehis pointedly notes in the Sibron case (infra, p. 606) — conduct “ a general search of the person ”, I choose to adhere to the views I expressed in Rivera (14 N Y 2d 441, 448, cert. den. 379 U. S. 978, supra) and in People v. Pugach (15 N Y 2d 65, 70, cert. den. 380 U. S. 936).
In sum, then, I believe that section 180-a, authorizing a search upon less than probable cause, is unconstitutional and that the trial court erred in permitting the articles found in the defendant’s pockets to be admitted in evidence and used against him. The judgment of conviction should be reversed.
Chief Judge Desmond and Judges Btjeke, Scileppi and Beegan concur with Judge Keating; Judge Fuld dissents and votes to reverse in an opinion; Judge Van Vooehis dissents and votes to reverse for the reasons stated in his dissenting opinion in People v. Sibron (18 N Y 2d 603, 604), decided herewith.
Judgment affirmed.